**UNITED STATES DISTRICT COURT**
<u>**EASTERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| ANNA FISHMAN, on behalf of herself and all others similarly situated, | <u>CIVIL ACTION</u> |
| Plaintiffs, | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| -against- | |
| MRS BPO, LLC | |
| Defendant. | |

Plaintiff ANNA FISHMAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Cohen & Mizrahi LLP, against Defendants MRS BPO, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Cherry Hill, New Jersey.

10. Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

- The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are

>> entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of its ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO ANNA FISHMAN

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Chase Bank USA, N.A.

17. On or around November 7, 2017, Defendant sent Plaintiff a collection letter (hereinafter, the "Letter").  *See* Exhibit A.

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The Letter states in pertinent part: "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.*"

21. As a result of the following Counts, Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A) & 1692f**
**Defendant's Letter Dated November 7, 2017 Falsely Implies That Paying The Debt**

**Claimed In Full Rather Than Accepting A Settlement Will Enhance The Consumer's Likelihood Of Receiving Future Credit Products, And Will Lead To Improved Creditworthiness**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Sections 1692e, 1692e(10), and 1692e(2)(A), of Title 15 of the U.S. Code, prohibit false, misleading or deceitful statements in collection communications.

24. Section 1692f prohibits debt collectors from using unconscionable or unfair means in connection with the collection of a debt.

25. A collection notice that may confuse or mislead the least sophisticated consumer is deceptive under the FDCPA, such as where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996); *accord Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3rd Cir. 2006); *Kistener v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (conditional language on liability such as "may" or "if" may render a true statement misleading).

26. According to guidance published by the Consumer Financial Protection Bureau (hereinafter "CFPB"), a debt collector's representation to a consumer that paying debts may improve the consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive. CFPB Bulletin 2013-08 – Representations Regarding Effect of Debt Payments on Credit Reports and Scores (July 10, 2013). *available at: http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf*.

27. "The CFPB has authority to issue substantive rules for debt collection under the FDCPA."

`` 
*Zweigenhaft v. Receivables Performance Mgmt., LLC*, No. 14 CV 01074 (RJD)(JMA), 2014 U.S. Dist. LEXIS 160441, at *9 n.2 (E.D.N.Y. Nov. 13, 2014).

28. Courts appropriately consider guidance in CFPB Bulletins and other publications to determine whether a given statement or communication violates the FDCPA. *See, e.g., Zweigenhaft*, 2014 U.S. Dist. LEXIS 160441; *Bautz v. ARS Nat'l Servs.*, 226 F. Supp. 3d 131, 148 n.7 (E.D.N.Y. 2016); *Portalatin v. Blatt*, 125 F. Supp. 3d 810, 816 (N.D. Ill. 2015) (*citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 130 S. Ct. 1605 (2010)). *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 573 (S.D. Tex. 2015); *Buchanan v. Northland Grp.*, 776 F.3d 393, 398 (6th Cir. 2015); *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7369, 2015 U.S. Dist. LEXIS 172439, at *9 (N.D. Ill. Dec. 29, 2015).

29. Courts frequently adjure debt collectors to look to consumer protection agencies for compliance with the FDCPA, as the rules, guidance and advisory opinions issued by these agencies are supported by extensive scientific studies and research to determine whether certain collection practices are likely to deceive the least sophisticated consumer. *See, e.g., Bautz*, 226 F. Supp.3d at 148 n.7; *Portalatin*, 125 F. Supp. 3d at 816 (*citing Jerman*, 559 U.S. 573 (2010)) ("the whole point of authorizing the CFPB to produce advisory opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA."); *Hasenmiller*, 2015 U.S. Dist. LEXIS 172439, at *9 (Section 1692k(e) "provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision").

30. Defendant's November 7, 2017 letter is misleading and deceptive viewed from the

perspective of the least sophisticated consumer, in that it implies that the consumer may enhance her likelihood of approval for credit products by paying the claimed debt in full rather than the reduced settlement amount.

31. The language at issue states: *"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."*

32. This language falsely implied that if the Plaintiff does the converse -- that is, pays the claimed balance in full rather than agreeing to the lesser settlement amount -- Plaintiff could enhance her likelihood of receiving future credit products from Chase Bank or improve her overall creditworthiness.

33. On information and belief, Plaintiff's payment in full of the amount claimed would not have enhanced her likelihood of obtaining Chase credit products or services in the future, nor would it have improved her overall creditworthiness.

34. Thus, Defendant's November 7, 2017 Letter violates Section 1692e(10) of the FDCPA when viewed from the perspective of the "least sophisticated consumer," by falsely implying that payment in-full (rather than settlement) of the claimed debt would have enhanced her likelihood of receiving future credit products or enhanced her overall creditworthiness.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> By: /s/ Daniel Cohen
> Daniel Cohen, Esq.
> Cohen & Mizrahi LLP
> 300 Cadman Plaza W, 12th floor
> Brooklyn, New York 11201
> Phone: (929) 575-4175
> Fax: (929) 575-4195
> Email: dan@cml.legal
> *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> /s/ Daniel Cohen
> Daniel Cohen, Esq.

Dated: Brooklyn, New York
    February 14, 2018